**Michael Eric PITTMAN, Petitioner—Appellant,**

v.

**Doug WADDINGTON, Respondent—Appellee.**

No. 03–35123.
D.C. No. CV–02–01130–RSL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 30, 2004.

Decided May 3, 2004.

Suzanne Lee Elliott, Law Offices of Suzanne Lee Elliott, Seattle, WA, for Petitioner–Appellant.

John Joseph Samson, Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before CANBY, WARDLAW, and GOULD, Circuit Judges.

## MEMORANDUM *

Michael E. Pittman, a Washington state prisoner, appeals the district court's judgment denying his petition for writ of habeas corpus, brought pursuant to 28 U.S.C.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2254. Pittman's habeas petition alleged that his federal constitutional right to due process was violated by the prosecutor's comments during closing argument. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo* the district court's decision to deny the habeas petition, *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003), and we affirm.

## I

Pittman argues that his right to due process was violated because the prosecutor during final argument improperly commented on Pittman's decision not to testify. Prosecutorial comments on a defendant's silence violate the Fifth Amendment, made applicable to the States by the Due Process Clause of the Fourteenth Amendment. *See Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

▮ The prosecutor skated close to the constitutional line in commenting that there were only two witnesses (i.e., the victim and the defendant) and that the victim had testified. Although not a direct comment on Pittman's failure to testify, the prosecutor's statement might imply that negative inferences could be drawn from Pittman's silence. The state court of appeals held, however, that if the prosecutor's statement was error, it was not significant and was cured by the trial court's instruction that Pittman's silence could not be used to infer guilt or prejudice him. The state court's decision was not contrary to, and did not involve an objectively unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The remark was a small part of a long argument, and was neither repeated nor emphasized. The trial court properly instructed the jury. We con-

clude, therefore, that the prosecutor's statement could not have " 'had substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Habeas relief on this ground is therefore precluded. *Id.*

## II

▮ Finally, Pittman argues that his right to due process was violated when the prosecutor characterized his behavior as "typical grooming behavior for people who prey on children," even though no expert testimony had been offered on the subject. The prosecutor, however, was merely rebutting the defense counsel's argument that the victim had fabricated his testimony. Even if we were to assume (without deciding) that the prosecutor's lone remark was improper under state rules of evidence, the remark cannot be said to have " 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). The state court's adjudication of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**